### JEFF MORGAN v. THE STATE.

No. 12755. Delivered November 13, 1929.

The opinion states the case.

*Chastain & Judkins* of Eastland, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for three years.

State's witness Plowman testified that he bought some whiskey from appellant about May 28, 1927. He said that he and appellant walked up a stairway where he gave appellant a check for three dollars and received from appellant a beer bottle containing whiskey. Another state's witness testified that appellant got out of his car, filled his shirt with bottles and went up the stair with Plowman following him. She further stated that Plowman wrote a check for appellant. Appellant admitted that he had a business transaction with Plowman at the time and place testified to by the state's witness. According to appellant's testimony, he had been buying beer from Plowman for thirty cents a bottle, with the agreement that Plowman would pay him five cents for each empty bottle returned. He said that on the occasion in question he returned a number of empty bottles to Plowman, for which Plowman gave him a check for three dollars. Appellant denied that he had sold Plowman any whiskey. Plowman testified that he had not had any beer in his house for more than a year, and denied that he had sold beer to appellant at any time. He said that he had never received beer bottles from appellant.

After appellant had testified to the matters hereinbefore stated, he offered to prove by one of his witnesses that said witness saw a large quantity of beer in Plowman's home on or about May 28, 1927, on which occasion he drank some of the beer with Plowman. The state's objection that the testimony was irrelevant and immaterial was sustained. The testimony was relevant and material. It tended to support appellant's theory that he was merely returning empty beer bottles to Plowman on the occasion Plowman said he bought whiskey from appellant. It tended to break the force and effect of the state's testimony, and if sustained would logically have influenced the issue.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.